**E-FILED**

Thursday, 10 March, 2005  10:11:46 AM

Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF FLORIDA

CLARENCE MADDOX
CLERK OF COURT



**FILED**

**MAR - 7** 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

March 3, 2005

United States District Court
Central District of Illinois
Federal Building, Room 309
100 N. E. Monroe
Peoria, Illinois 61602

RE:   *USA -vs- Leone, Raymond*
      Case No. 98-6175-CR-WPD

Dear Sir:                                              05-10014

Pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer/supervised releasee has been transferred to your court. In compliance with the  Transfer of Jurisdiction the following items are being forwarded herewith:

- (1) original form PROB 22 Transfer of Jurisdiction
- (1) certified copy of the Indictment/Information
- (1) certified copy of the J&C
- (1) certified copy of the docket sheet

Please acknowledge receipt of the above on the enclosed copy of this letter and return  it the envelope which has been provided.

CLARENCE MADDOX
Clerk of Court

by: *Lisa I. Streets*

Lisa I. Streets
Deputy Clerk

Encl.

☐301 N. Miami Avenue     ☐299 E. Broward Boulevard     ☐701 Clematis Street     ☐301 Simonton Street     ☐300 S. Sixth Street
Room 150                 Room 108                     Room 402                 Room 130                 Ft. Pierce, FL 34950
Miami, FL 33128          Ft. Lauderdale, FL 33301     W. Palm Beach, FL 33401  Key West, FL 33040       772-595-9691
305-523-5100             954-769-5400                 561-803-3400             305-295-8100

PROB 22
Rev.2/88

**TRANSFER OF JURISDICTION**

**FILED**

FEB 2 2 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | DOCKET NUMBER(Tran.Ct) 0:98CR06175-001 |
| | DOCKET NUMBER(Rec.Ct) |
| | 05-10014 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT<br>Southern District of Florida | DIVISION<br>Probation |
|---|---|---|

Raymond Leone
723 North Avenue B
Canton, IL 61520

NAME OF SENTENCING JUDGE
The Honorable William P. Dimitrouleas

| SD/FL PACTS No.   57438 | DATES OF PROBATION<br>SUPERVISED RELEASE | FROM<br>6/12/03 | TO<br>6/11/06 |
|---|---|---|---|

OFFENSE    Conspiracy to Interfere With Commerce by Robbery, 18: USC §1951(b)(3)

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **SOUTHERN DISTRICT OF FLORIDA**

    **IT IS HEREBY ORDERED** that pursuant to 18 U.S.C. 3605 the jurisdiction of the supervised releasee named above be transferred with the records of this Court to the United States District Court for the **CENTRAL DISTRICT OF ILLINOIS**  upon the Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

February 8, 2005
_____
Date

5/ U.S. District Judge
_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF _____

    **IT IS HEREBY ORDERED** that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

2/22/05
_____
Effective Date

5/ Joe B. McDade
_____
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 98 - 06 1 7 5 CR-DIMITROULEAS

UNITED STATES OF AMERICA,

              Plaintiff,

v.

RAYMOND A. LEONE,
ANGELA V. KING,
DAWN N. WITHERSPOON, and
DONALD HANSARD,

              Defendants.

Case No._____

18 USC 1951 (a) and (b)(3)
18 USC 924(c) and (j)
18 USC 2

MAGISTRATE JUDGE
SNOW

**INDICTMENT**

The Grand Jury charges that:

## COUNT ONE

On or about March 29, 1998, at Hollywood, Broward County, in the Southern District of Florida, the defendants,

RAYMOND A. LEONE,
ANGELA V. KING,
DAWN N. WITHERSPOON, and
DONALD HANSARD,

did knowingly and willfully combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to obstruct, delay, and affect commerce by robbery, as robbery is defined in Title 18, United States Code, Section 1951(b)(1), that is, defendants RAYMOND A. LEONE, ANGELA V. KING, DAWN N. WITHERSPOON and DONALD HANSARD, conspired with each other and other persons known and unknown and

I hereby certify that the above and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _Lisa J. Street_
              Deputy Clerk
Date _3-3-05_

property of Exotic Video, 2025 Pembroke Road, Hollywood, Florida, a business engaged in interstate commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), from the person and presence of Mr. H. Leibowitz against Mr. Leibowitz's will, by means of actual and threatened force and violence and fear of injury.

**OBJECT OF THE CONSPIRACY**

It was the object of the conspiracy to commit an armed robbery of Exotic Video.

**OVERT ACTS**

In furtherance of this conspiracy and to effect the objects thereof, there were committed, by at least one of the co-conspirators herein, in the Southern District of Florida, at least one of the following overt acts, among others:

a.  On or about March 29, 1998, defendant RAYMOND A. LEONE armed himself with a firearm lent to him by defendant DAWN N. WITHERSPOON.

b.  On or about March 29, 1998, the defendants chose Exotic Video, located at 2025 Pembroke Road, Hollywood, Florida, to rob, in part, because the defendants, who were all members of an organization named the World Church of the Creator, believed that media outlets were controlled by "Jews" and that it was permissible to steal from the "Jews."

c.  On or about March 29, 1998, defendants RAYMOND A. LEONE, ANGELA V. KING, DAWN N. WITHERSPOON, DONALD HANSARD and another co-conspirator known to the grand jury, all occupied a vehicle stopped outside the Exotic Video store and watched for customers entering or exiting the store.

d.  On or about March 29, 1998, defendant RAYMOND A. LEONE exited the vehicle

2

and went looking for a black male who had walked by the Exotic Video store. Defendant

RAYMOND A. LEONE stated that he was going to kill the black man because he could be a

witness to the robbery.

     e. On or about March 29, 1998, defendant RAYMOND A. LEONE was unable to find

the black male and returned to the vehicle.

     f. On or about March 29, 1998, defendant RAYMOND A. LEONE entered Exotic Video

while armed with a firearm.

     g. On or about March 29, 1998, defendant RAYMOND A. LEONE demanded money

from Mr. H. Leibowitz who was in the store and showed the victim a firearm.

     h. On or about March 29, 1998, defendant RAYMOND A. LEONE took United States

currency from Mr. H. Leibowitz.

     i. On or about March 29, 1998, defendant RAYMOND A. LEONE struck Mr. Leibowitz

in the head area with the firearm and injured Mr. Leibowitz.

     j. On or about March 29, 1998, defendant RAYMOND A. LEONE fled the store and

entered the vehicle owned by defendant DAWN N. WITHERSPOON.

     k. On or about March 29, 1998, defendant DONALD HANSARD, while driving the

vehicle occupied by all the other defendants, fled the scene of the robbery.

     l. On or about March 29, 1998, defendants RAYMOND A. LEONE, ANGELA V.

KING, DAWN N. WITHERSPOON, DONALD HANSARD and another co-conspirator known

to the grand jury, possessed money and property belonging to Exotic Video and split the robbery

proceeds.

3

m. On or about March 29, 1998, at defendant RAYMOND A. LEONE'S direction, defendant DONALD HANSARD cleaned the firearm used to hit and injure the victim during the robbery in order to eliminate any blood stains.

n. On or about March 29, 1998, defendants ANGELA V. KING and DONALD HANSARD discussed the fact that the robbery was similar to an incident in the *Turner Diaries* which describes how to start a race war.

o. On or about March 29, 1998, the defendants discussed the need to send some of the robbery proceeds to the World Church of the Creator's national office in Illinois.

All in violation of Title 18, United States Code, Section 1951(a).


## COUNT TWO

On or about March 29, 1998, at Hollywood, Broward County, in the Southern District of Florida, the defendants,

RAYMOND A. LEONE, and
ANGELA V. KING,

did knowingly and willfully obstruct, delay, and affect commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that the defendants took and obtained money and property of Exotic Video, Hollywood, Florida, a business engaged in interstate commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), from the person and presence of Mr. H. Leibowitz, that is, a sum of United States currency and other property, against Mr. Leibowitz's will, by means of actual and threatened force and violence

4

and fear of injury.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

### COUNT THREE

On or about March 29, 1998, at Hollywood, Broward County, in the Southern District of

Florida, and elsewhere, the defendants,

RAYMOND A. LEONE, and
ANGELA V. KING,

did knowingly use and carry a firearm during and in relation to a crime of violence which is a

felony prosecutable in a court of the United States, that is, a violation of Title 18, United States

Code, Section 1951(a), as set forth in Counts One and Two of this Indictment.

All in violation of Title 18, United States Code, Section 924(c) and (j) and Title 18,

United States Code, Section 2.

A TRUE BILL

S/Foreperson
FOREPERSON

S/U.S. ATTY.

THOMAS E. SCOTT
UNITED STATES ATTORNEY

S/ Michael F. McAuliffe

MICHAEL F. MCAULIFFE
ASSISTANT UNITED STATES ATTORNEY

S/ Lee J. Seidman

LEE J. SEIDMAN
SPECIAL ASSISTANT U.S. ATTORNEY

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**98 - 06175**

**UNITED STATES OF AMERICA**

CASE NO. USAO# CR-DIMITROU...

**CERTIFICATE OF TRIAL ATTORNEY**

MAGISTRATE JUDGE

SNOW

Raymond A. Leone

**Related Case Information**:

| | | | |
|---|---|---|---|
| SUPERSEDING | Yes | No | |
| New Defendant(s) | Yes | No | |
| Number of New Defendants | | | |
| Total number of counts | | 3 | |

**Court Division**: (Select One)

_Miami ____ Key West
x FTL ____ WPB ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)        No
   List language and/or dialect _5_

4. This case will take _____5_____ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                        (Check only one)

   I    0 to 5 days         x        Petty
   II   6 to 10 days        ____     Minor
   III  11 to 20 days       ____     Misdem.
   IV   21 to 60 days       ____     Felony
   V    61 days and over    ____

   *FILED by 98 OCT -2 AM 9: 05 DC*

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes:

Judge: _____    Case No. _____
   (Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No)        No
   If yes:

Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the District of El_____

7. This case originated in the U.S. Attorney's office prior to August 16, 1985
   (Yes or No)        No        _____

MICHAEL A. McAULIFFE
ASSISTANT UNITED STATES ATTORNEY
ADM No. A5500229

AO 442 (Rev. 12/85) Warrant for Arrest

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET 98 - 06175
### CR - DIMITROULEAS

Defendant's Name:    Raymond A. Leone

Count #: One

---

*Max. Penalty: 20 years imprisonment - $250,000 fine

Count #:Two

*Max. Penalty:    20 years imprisonment - $250,000 fine

Count # Three

*Max. Penalty: Mandatory 5 years consecutive imprisonment - $250,000 fine

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

**98 - 06175**

**CR - DIMITROULEAS**

Defendant's Name:     Angela V. King

Count #: One

*Max. Penalty: 20 years imprisonment - $250,000 fine

Count #:Two

*Max. Penalty:    20 years imprisonment - $250,000 fine

Count # Three

*Max. Penalty: Mandatory 5 years consecutive imprisonment - $250,000 fine

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

98 - 06175

CR - DIMITROULEAS

Defendant's Name:     Dawn N. Witherspoon

Count #: One

---

*Max. Penalty: 20 years imprisonment - $250,000 fine

Count #:

*Max. Penalty:

Count #

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

98 - 06175

CR - DIMITROULEAS

Defendant's Name:  Donald Hansard

USAO #

Count #: One

---

*Max. Penalty: 20 years imprisonment - $250,000 fine

Count #:

---

*Max. Penalty:

Count #

---

*Max. Penalty:

Count #:

---

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

---

*Max. Penalty:

**FILED**
98 OCT -2 AM 9:08
CLERK
U.S. DIST. CT.
S.D. OF FLA.- MIAMI
DC

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

AO 245B (Rev  8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Southern District of Florida

UNITED STATES OF AMERICA

v.

**Raymond A. Leone**

### JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number:  **0:98CR06175-001**

**Michael McAuliffe,AUSA/Marc Morris Esq.**

Defendant's Attorney

### THE DEFENDANT:

☒ pleaded guilty to count(s)  **1 and 2**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C.  §  1951 (b)(3) | Conspiracy To Interfere With Commerce By Robbery | 03/29/1998 | 1 |
| 18 U.S.C.  §  1951 (b)(3) | Conspiracy To Interfere With Commerce By Robbery | 03/29/1998 | 2 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) **Remaining** _____ are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.    ·1081 | **02/26/1999** |
| Defendant's Date of Birth·    **1980** | Date of Imposition of Judgment |
| Defendant's USM No.:    **54738-004** | |
| Defendant's Residence Address: | s/ William P. Dimitrouleas |
| | Signature of Judicial Officer |
| **Miami**                    **FL** | **WILLIAM P. DIMITROULEAS** |
| | **UNITED STATES DISTRICT JUDGE** |
| Defendant's Mailing Address: | Name & Title of Judicial Officer |
| | February 26, 1999 |
| **Miami** | |

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
FL U. S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date  **3-3-05**

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

Judgment-Page __2__ of __8__

DEFENDANT:      **Raymond A. Leone**
CASE NUMBER:    **0:98CR06175-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __97    month(s)__ .

**This term consists of 97 months on each of Counts 1 and 2 to run concurrently**

☒ The court makes the following recommendations to the Bureau of Prisons:

**The defendant should be designated to a facility as close to Illinois as possible and one where alcohol and/or drug treatment is available.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

' AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page __3__ of __8__

DEFENDANT:  **Raymond A. Leone**
CASE NUMBER:  **0:98CR06175-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____ **3** _____ **year(s)** _____ .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).
See Special Conditions of Supervision - Page    4

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

DEFENDANT:       **Raymond A. Leone**

CASE NUMBER:     **0:98CR06175-001**

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in an inpatient/outpatient mental health treatment program as directed by the U.S. Probation Officer. The defendant will contribute to the costs of services rendered (copayment) in an amount determined by the probation officer, based on ability to pay or availability of third party payment

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __5__ of __8__

DEFENDANT:        **Raymond A. Leone**
CASE NUMBER:    **0:98CR06175-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|           | **Assessment** | **Fine** | **Restitution** |
|-----------|----------------|----------|-----------------|
| **Totals:** | $    200.00   | $        | $    2,900.00   |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .  $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|------------------------|-------------------------------|-----------------------------------------|
|               |                        |                               |                                         |

Totals:    $ _____    $ _____

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

' AO 245B (Rev 8/96) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page ___6___ of ___8___

DEFENDANT:      **Raymond A. Leone**

CASE NUMBER:    **0:98CR06175-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest, (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Restitution is payable to the U.S. Courts and is to be addressed to:  U.S. Clerks Office, Attm: Financial Section, 301 North Miami Avenue Rm 150, Miami, FL 33128;  Restitution should be paid jointly and severally with codefendant**

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

' AO 245B (Rev. 8/96) Sheet 6 - Statement of Reasons

Judgment-Page __7__ of __8__

DEFENDANT:      **Raymond A. Leone**
CASE NUMBER:    **0:98CR06175-001**

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):
**See Additional Factual Findings and Guideline Application Exceptions - Page   8**

**Guideline Range Determined by the Court:**

    Total Offense Level:      **30**

    Criminal History Category:      **I**

    Imprisonment Range·   **97 - 121 months**

    Supervised Release Range:   **2 - 3 years**

    Fine Range:  $ ___**15,000.00**___ to $ ___**150,000.00**___

    ☒ Fine waived or below the guideline range because of inability to pay.

    Total Amount of Restitution:  $ ___**2,900.00**___

    ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

    ☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

    ☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☐ The sentence departs from the guideline range:

    ☐ upon motion of the government, as a result of defendant's substantial assistance.

    ☐ for the following specific reason(s):

AO 245B (Rev. 8/96) Sheet 6 - Statement of Reasons

DEFENDANT:       **Raymond A. Leone**

CASE NUMBER:     **0:98CR06175-001**

## ADDITIONAL FINDINGS AND GUIDELINE APPLICATIONS EXCEPTIONS

The Court finds that a two level increase pursuant to Section 3B1.1(c) is warranted because the defendant was a leader or manager.

LSS    CLOSED

U.S. District Court
Southern District of Florida (FtLauderdale)

CRIMINAL DOCKET FOR CASE #: 98-CR-6175-1

USA v. Leone, et al                                    Filed: 10/02/98
Case Assigned to:  Judge William P. Dimitrouleas
Dkt# in other court: None

RAYMOND A. LEONE, DOB:        Marc William Morris
3/15/80; Prisoner No.: 54738-    [term  02/26/99]
004                            FTS 384-2571
     defendant                 954-389-6659
 [term  02/26/99]              [COR LD NTC cja]
                               968 Tanglewood Circle
                               Weston, FL 33327

                               Russell Karl Rosenthal
                               [COR LD NTC cja]
                               PO Box 2528
                               Fort Myers, FL 33902-2528

Pending Counts:                      Disposition

18:1951.F INTERFERENCE W        Imprisonment for a term of 97
COMMERCE BY THREAT/VIO          months on each of Counts 1
(1)                             and 2, to run concurrently;
                                Supervised Release for a term
                                of 3 years; Restitution in the
                                amount of $2,900; Special
                                Assessment of $200
                                (1)

18:1951.F INTERFERENCE W        Imprisonment for a term of 97
COMMERCE BY THREAT/VIO          months on each of Counts 1
(2)                             and 2, to run concurrently;
                                Supervised Release for a term
                                of 3 years; Restitution in the
                                amount of $2,900; Special
                                Assessment of $200
                                (2)

Offense Level (opening): 4

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____
                    Deputy Clerk
Date   3-3-05

Docket as of March 3, 2005 9:38 am            Page 1    NON-PUBLIC

INTERNAL USE ONLY: Proceedings include all events.                    LSS
0:98cr6175-1 USA v. Leone, et al                              CLOSED

Terminated Counts:                    Disposition

18:924C.F VIOLENT              Dismissed
CRIME/DRUGS/MACHINE GUN        (3)
(3)

Offense Level (disposition): 4


Complaints:

    NONE

INTERNAL USE ONLY: Proceedings include all events.                    LSS
0:98cr6175-1 USA v. Leone, et al                          CLOSED

RAYMOND A. LEONE, DOB: 3/15/80; Prisoner No.: 54738-004

       defendant

========================

ANGELA V. KING, DOB: 5/26/75; Prisoner No.: 54704-004

       defendant

========================

DAWN N. WITHERSPOON, DOB: 11/26/76; Prisoner No.: 54703-004

       defendant

========================

DONALD HANSARD, DOB: 11/23/74; Prisoner No.: 54706-004

       defendant

========================

USA

       plaintiff

U. S. Attorneys:

  Jennifer Prior
  Below Address Terminated on 4/16/02
  FTS 530-7976
  305-961-9295
  [COR LD NTC]
  United States Attorney's Office
  99 NE 4 Street
  Miami, FL 33132
  305-961-9000

  PTS Officer
  954-769-5600
  [COR LD NTC]
  Pretrial Services Office
  101 NE 3rd Avenue
  Suite 200
  Fort Lauderdale, FL 33301
  954-769-5600

Docket as of March 3, 2005 9:38 am              Page 3    NON-PUBLIC

INTERNAL USE ONLY: Proceedings include all events.                    LSS
0:98cr6175-1 USA v. Leone, et al                         CLOSED

    Probation Officer
    FTS 769-5566
    954-769-5500
    [COR LD NTC]
    United States Probation Office
    299 E Broward Boulevard
    Room 409
    Fort Lauderdale, FL 33301-1865
    954-769-5500

    Michael Francis McAuliffe
      [term  03/12/99]
    FTS 712-4964
    561-712-4746
    [COR LD NTC]
    Rosenberg & McAuliffe
    Centurion Tower
    1601 Forum Place
    Suite 300
    West Palm Beach, FL 33401
    561-712-4746

INTERNAL USE ONLY: Proceedings include all events.                    LSS
0:98cr6175-1 USA v. Leone, et al                        CLOSED

10/2/98   1      INDICTMENT as to Raymond A. Leone (1) count(s) 1, 2, 3,
                 Angela V. King (2) count(s) 1, 2, 3, Dawn N. Witherspoon (3)
                 count(s) 1, Donald Hansard (4) count(s) 1 (Criminal Category
                 1) (pb) [Entry date 10/07/98] [Edit date 10/07/98]

10/2/98   2      ARREST WARRANT issued as to Raymond A. Leone    Warrant
                 issued by Magistrate Peter R. Palermo. Pretrial Detention
                 Requested (pb) [Entry date 10/07/98]

10/2/98   --     Magistrate identification:  Magistrate Judge Lurana S. Snow
                 (pb) [Entry date 10/07/98]

10/21/98 31      RESPONSE to Standing Discovery Order by USA  as to Raymond
                 A. Leone, Angela V. King, Dawn N. Witherspoon, Donald
                 Hansard (ea) [Entry date 10/26/98]

10/23/98 33      PETITION by USA  for Writ of Habeas Corpus ad prosequendum
                 as to Raymond A. Leone (ea) [Entry date 10/26/98]

10/27/98 34      WRIT of Habeas Corpus ad Prosequendum issued as to Raymond
                 A. Leone  for 11/9/98 granting [33-1] petition as to
                 Raymond A. Leone (1)   ( Signed by Ch. Magistrate Judge
                 Lurana S. Snow on 10/27/98) (sb) [Entry date 10/29/98]

11/9/98  42      ARREST WARRANT Returned Executed as to Raymond A. Leone on
                 11/9/98 (ea) [Entry date 11/18/98]

11/9/98  --      ARREST of Raymond A. Leone (ea) [Entry date 11/18/98]

11/9/98  43      REPORT Commencing Criminal Action as to Raymond A. Leone
                 DOB: 3/15/80  Prisoner # 54738-004 (ea)
                 [Entry date 11/18/98]

11/9/98  44      Minute of Initial Appearance held on 11/9/98  before Ch.
                 Magistrate Judge Lurana S. Snow  as to Raymond A. Leone ;
                 Court Reporter Name or Tape #: 98-053/2835 (ea)
                 [Entry date 11/18/98]

11/9/98  45      ORDER on Initial Appearance as to Raymond A. Leone
                 Arraignment set for 11/12/98; Detention hearing set for
                 11/12/98 before Ch. Magistrate Judge Lurana S. Snow, ,
                 ( Signed by Ch. Magistrate Judge Lurana S. Snow on 11/9/98)
                 CCAP (ea) [Entry date 11/18/98]

11/10/98 39      CJA 20 as to Raymond A. Leone : Appointment of Attorney
                 Marc William Morris  Voucher # 0859180 ( Signed by Ch.
                 Magistrate Judge Lurana S. Snow  on 11/10/98, nunc pro tunc
                 11/9/98) (cp) [Entry date 11/17/98]

11/12/98 54      SUPPLEMENTAL by USA as to Raymond A. Leone, Angela V. King,
                 Dawn N. Witherspoon, Donald Hansard  to: [31-1] order
                 response (ea) [Entry date 11/18/98]

INTERNAL USE ONLY: Proceedings include all events.                    LSS
0:98cr6175-1 USA v. Leone, et al   ,                        CLOSED

11/12/98 55    Minute of Pretrial Detention/Arraignment held on 11/12/98
               before Ch. Magistrate Judge Lurana S. Snow  as to Raymond
               A. Leone ;   Court Reporter Name or Tape #: Jerry Reeves (ea)
               [Entry date 11/18/98]

11/12/98 --    Detention hearing as to Raymond A. Leone  held (ea)
               [Entry date 11/18/98]

11/12/98 56    ARRAIGNMENT INFORMATION SHEET for Raymond A. Leone (1)
               count(s) 1, 2, 3   NOT GUILTY PLEA ENTERED as to all
               counts. Court accepts plea. (ea) [Entry date 11/18/98]

11/12/98 57    STANDING DISCOVERY ORDER as to Raymond A. Leone   all
               motions concerning matters not covered by this order must
               be filed within 28 days of this order ( Signed by Ch.
               Magistrate Judge Lurana S. Snow on 11/12/98)  CCAP (ea)
               [Entry date 11/18/98]

11/12/98 58    ORDER RE: STATUS CONFERENCE, SPEEDY TRIAL, PRETRIAL MATTERS
               as to Raymond A. Leone Status conference set for 11:00
               11/27/98 before Magistrate Barry S. Seltzer ( Signed by Ch.
               Magistrate Judge Lurana S. Snow on 11/12/98)  CCAP (ea)
               [Entry date 11/18/98]

11/16/98 61    NOTICE of Hearing as to Raymond A. Leone :  setting Jury
               trial for 9:00 12/14/98 before Judge William P.
               Dimitrouleas,  setting calendar call for 9:00 12/11/98
               before Judge William P. Dimitrouleas (ea)
               [Entry date 11/18/98]

11/17/98 62    ORDER OF DETENTION as to Raymond A. Leone ( Signed by Ch.
               Magistrate Judge Lurana S. Snow on 11/17/98)  CCAP (ea)
               [Entry date 11/18/98]

11/17/98 63    MOTION by Raymond A. Leone to set trial date in conformity
               with 18 U.S.C.A. Sec 3161(2) (ea) [Entry date 11/18/98]

11/17/98 64    UNOPPOSED MOTION by USA  as to Raymond A. Leone, Angela V.
               King, Dawn N. Witherspoon, Donald Hansard to continue
               trial date (ea) [Entry date 11/18/98]

11/18/98 66    ORDER as to Raymond A. Leone  granting [63-1] motion to set
               trial date in conformity with 18 U.S.C.A. Sec 3161(2)
               (Signed by Judge William P. Dimitrouleas on 11/18/98) CCAP※
               (ea) [Entry date 11/19/98]

12/15/98 72    Minute of change of plea held on 12/15/98  before Judge
               William P. Dimitrouleas  as to Raymond A. Leone ;  Court
               Reporter Name: Bob Ryckoff (br) [Entry date 12/15/98]

12/15/98 --    PLEA entered by Raymond A. Leone . Court accepts plea.
               GUILTY: Raymond A. Leone (1) count(s) 1, 2 (br)
               [Entry date 12/15/98]

INTERNAL USE ONLY: Proceedings include all events.                LSS
0:98cr6175-1 USA v. Leone, et al  ,     ,                CLOSED

| | | |
|---|---|---|
| 12/15/98 | 73 | Plea Agreement as to Raymond A. Leone (br) [Entry date 12/15/98] |
| 12/15/98 | 74 | NOTICE of Hearing as to Raymond A. Leone :  setting Sentencing for 3:30 2/26/99 before Judge William P. Dimitrouleas (br) [Entry date 12/15/98] |
| 2/3/99 | 83 | NOTICE of change of attorney's address by Raymond A. Leone (ea) [Entry date 02/04/99] |
| 2/5/99 | 86 | OBJECTION by USA  to Presentence Investigation Report  as to Raymond A. Leone (ea) [Entry date 02/08/99] |
| 2/9/99 | 91 | PETITION by USA  for Writ of Habeas Corpus ad prosequendum as to Raymond A. Leone (ea) [Entry date 02/19/99] |
| 2/10/99 | 94 | WRIT of Habeas Corpus ad Prosequendum issued as to Raymond A. Leone for 2/26/99 (Signed by Judge William P. Dimitrouleas on 2/10/99) (ea) [Entry date 02/19/99] |
| 2/16/99 | 96 | RESPONSE by Raymond A. Leone to [86-1] objection (ea) [Entry date 02/19/99] |
| 2/22/99 | 97 | TRANSCRIPT filed in case as to Raymond A. Leone  before William P. Dimitrouleas  for dates of 12/15/98  in re Plea of Guilty. Pages 1-31 (ea) [Entry date 03/01/99] |
| 2/26/99 | 98 | Minute of Sentencing held on 2/26/99  before Judge William P. Dimitrouleas  as to Raymond A. Leone ;  Court Reporter Name or Tape #: Bob Ryckoff (ea) [Entry date 03/01/99] |
| 2/26/99 | -- | Sentencing  held Raymond A. Leone (1) count(s) 1, 2 (ea) [Entry date 03/01/99] |
| 2/26/99 | 99 | JUDGMENT as to  Raymond A. Leone (1) count(s) 1, 2 . Imprisonment for a term of 97 months on each of Counts 1 and 2, to run concurrently; Supervised Release for a term of 3 years; Restitution in the amount of $2,900; Special Assessment of $200; Raymond A. Leone (1) count(s) 3 Dismissed  ( Signed by Judge William P. Dimitrouleas on 2/26/99)  CCAP (ea) [Entry date 03/01/99] |
| 2/26/99 | -- | **Termination of defendant, pending deadlines and motions as to party Raymond A. Leone [64-1] motion to continue trial date as to Raymond A. Leone (1) (ea) [Entry date 03/01/99] |
| 3/12/99 | 107 | NOTICE of Reassignment of US Attorney. Terminated attorney Michael F. McAuliffe for USA, Added Jennifer Prior (ea) [Entry date 03/18/99] |

5/13/99   116   CJA 21 as to Raymond A. Leone Authorization to Pay $ 380.00
                for Expert Services Voucher # 0738878 (Signed by Judge
                William P. Dimitrouleas on 5/13/99) (ss)
                [Entry date 05/18/99]

8/19/99   117   WRIT of Habeas Corpus ad Testificandum issued for Raymond
                A. Leone for 8/26/99 in case as to Raymond A. Leone (Signed
                by Ch. Magistrate Judge Lurana S. Snow on 8/19/99) CCAP
                [EOD Date: 8/23/99] (ss) [Entry date 08/23/99]

8/26/99   118   Minute of Inquiry Re Counsel held on 8/26/99 before Ch.
                Magistrate Judge Lurana S. Snow as to Raymond A. Leone;
                Court Reporter Name or Tape #: 99-052 @ 1191/1395 (ss)
                [Entry date 08/30/99]

8/26/99   --    Inquiry Re Counsel as to Raymond A. Leone held (ss)
                [Entry date 08/30/99]

8/31/99   119   CJA 20 as to Raymond A. Leone: Appointment of Attorney
                Russell Karl Rosenthal (Signed by Ch. Magistrate Judge
                Lurana S. Snow on 8/26/99) (ss) [Entry date 09/02/99]

2/11/00   121   MOTION by USA as to Raymond A. Leone for reduction of
                sentence for substantial assistance pursuant to rule 35(b)
                (ss) [Entry date 02/14/00]

2/11/00   122   ORDER as to Raymond A. Leone Motion hearing before Judge
                William P. Dimitrouleas set for 10:45 3/10/00 for Raymond
                A. Leone for [121-1] motion for reduction of sentence for
                substantial assistance pursuant to rule 35(b) (Signed by
                Judge William P. Dimitrouleas on 2/11/00) CCAP [EOD Date:
                2/14/00] CCAP (ss) [Entry date 02/14/00]

3/7/00    125   PETITION by USA for Writ of Habeas Corpus ad prosequendum
                as to Raymond A. Leone (ss) [Entry date 03/09/00]

3/7/00    126   WRIT of Habeas Corpus ad Prosequendum issued as to Raymond
                A. Leone for 3/10/00 granting [125-1] petition as to
                Raymond A. Leone (1) (Signed by Magistrate Judge Andrea M.
                Simonton on 3/7/00) CCAP [EOD Date: 3/9/00] (ss)
                [Entry date 03/09/00]

3/10/00   128   Minute of Rule 35 motion to reduce held on 3/10/00 before
                Judge William P. Dimitrouleas as to Raymond A. Leone; Court
                Reporter Name or Tape #: Bob Ryckoff (ss)
                [Entry date 03/13/00]

3/10/00   --    Motion hearing as to Raymond A. Leone re: [121-1] motion
                for reduction of sentence for substantial assistance
                pursuant to rule 35(b) Motion hearing held before Judge
                William P. Dimitrouleas (ss) [Entry date 03/13/00]

INTERNAL USE ONLY: Proceedings include all events.                     LSS
0:98cr6175-1 USA v. Leone, et al                             CLOSED

3/13/00   130    ORDER as to Raymond A. Leone granting [121-1] motion for
                 reduction of sentence for substantial assistance pursuant
                 to rule 35(b) as to Raymond A. Leone (1); Reducing sentence
                 of Imprisonment to 73 months (Signed by Judge William P.
                 Dimitrouleas on 3/13/00) CCAP [EOD Date: 3/14/00] CCAP (ss)
                 [Entry date 03/14/00]

4/17/00   132    MOTION by Raymond A. Leone to clarify [112-1] sentence (ss)
                 [Entry date 04/18/00]

4/18/00   133    ORDER as to Raymond A. Leone granting in part [132-1]
                 motion to clarify [112-1] sentence: Sentence shall run
                 concurrent to Florida State sentence imposed in
                 98-13388-CFD; Sentence is nunc pro tunc 2/26/99; Defendant
                 is entitled to credit for time served since that date;
                 Recommending that defendant serve his sentence in Federal
                 Custody (Signed by Judge William P. Dimitrouleas on
                 4/18/00) CCAP [EOD Date: 4/19/00] CCAP (ss)
                 [Entry date 04/19/00]

8/25/03   137    PETITION and ORDER for Action on Conditions of Supervised
                 Release as to Raymond A. Leone (Signed by Judge William P.
                 Dimitrouleas on 8/22/03) [EOD Date: 8/26/03] (ss)
                 [Entry date 08/26/03]

3/1/05    138    TRANSFER OF JURISDICTION of Probation/Supervised Release as
                 to Raymond A. Leone. Transmitted Transfer of Jurisdiction
                 form, with certified copies of indictment, judgment and
                 docket sheet to USDC, Central District of Illinois.
                 Effective Date: 2/22/05 (Signed by Judge William P.
                 Dimitrouleas on 2/8/05) [EOD Date: 3/3/05] (ss)
                 [Entry date 03/03/05]

3/3/05    139    Transmittal Letter sent to USDC, Central District of
                 Illinois in case as to Raymond A. Leone. Documents Sent:
                 Transfer of Jurisdiction, Certified Copies of Indictment,
                 Judgment and Docket Sheet (ss) [Entry date 03/03/05]